IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| **CHARLES R. ROBINSON IV,** | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| vs. | ) | | **CIVIL NO. 09-cv-884-DRH** |
| | ) | | |
| **W.A. SHERROD,** | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

  Petitioner, an inmate at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this action under 28 U.S.C. § 2241 for alleged overcrowding and race discrimination.

  Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

### DISCUSSION

  At the outset, the Court notes that Petitioner has neither paid the $5.00 filing fee applicable to habeas actions, 28 U.S.C. § 1914(a), nor filed a motion to proceed *in forma pauperis*, 28 U.S.C.

§ 1915, despite being informed by the Clerk of Court of the necessity of doing one or the other. *See* (Doc. 2). Petitioner was advised that the failure to pay the filing fee or seek leave to proceed *in forma pauperis* may result in the dismissal of his action. *Id.* Even if Petitioner paid the filing fee or was granted leave to proceed *in forma pauperis*, however, the instant petition must still be dismissed.

This Court must independently evaluate the substance of Petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 2002 WL 31103020 at *2 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn,* 309 F.3d at 1008; *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke,* 178 F.3d at 499.

In the instant case, Petitioner asserts that he was denied a desirable cell assignment because of his race in violation of the Equal Protection Clause. He also contends that FCI-Greenville is overcrowded in violation of the Eighth Amendment. Such challenges do not request a "quantum

change in the level of custody." Instead, they are more appropriately brought as a civil rights action pursuant to 42 U.S.C. § 1983.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), the Seventh Circuit has held that district courts should not due this. *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be inappropriate to do so here because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, Petitioner is responsible for paying a much higher filing fee. Furthermore, Petitioner might be assessed a "strike" if the Court determined that Petitioner's action (or any portion of it) was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

### DISPOSITION

Accordingly, this habeas corpus action is **DISMISSED** without prejudice. The Clerk is **DIRECTED TO CLOSE THIS CASE**. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** April 26, 2010.


/s/   DavidRHerndon
**DISTRICT JUDGE**